IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRANDON LAKEITH MONTGOMERY, TDCJ No. 01421218, § § § § | |
| Petitioner, § § | |
| v. § § | Civil Action No. 7:17-cv-00051-O-BP |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, § § § § § | |
| Respondent. § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Brandon Lakeith Montgomery, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1.

Montgomery challenges the validity of disciplinary action no. 20170034447, which was taken against him at the W.J. Estelle Unit in Huntsville, Texas for the offense of damaging or destroying property. *See* ECF No. 1 at 5. Montgomery states that the disciplinary case resulted in a 45 day commissary restriction, 45 day cell restriction, 45 day telephone restriction, reduction in line class from Line 2 to Line 3, and an assessment of damages/forfeiture in the amount of $335.42. *Id.* In support of his petition, Montgomery claims that he was denied the right to call and question witnesses and was denied the right to appeal the prison disciplinary hearing decision. *Id.* at 6.

Montgomery has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S.

472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Montgomery do not raise such concerns.

Montgomery concedes that he is not eligible for mandatory supervised release. *See* ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned RECOMMENDS that the petition for writ of habeas corpus be DENIED.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 9, 2017.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE